**Odie Michael MILES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–09–00201–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 7, 2010.

Austin R. Jackson, Tyler, TX, for Appellant.

Michael J. West, Assistant District Attorney, Tyler, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and HANKS.

## OPINION

ELSA ALCALA, Justice.

Appellant, Odie Michael Miles, appeals a judgment convicting him for the offense of driving while intoxicated for which he was sentenced to 99 years in prison. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), 49.09(b)(2) (Vernon Supp.2009). In his sole point of error, appellant contends the trial court erred by failing to sustain appellant's objection to an improper closing argument by the State. We conclude appellant waived the complaint by failing to make a specific objection to the argument.

We affirm.

## Background

In July 2008, while Trooper Steven Hodge of the Texas Department of Public Safety was performing a traffic stop, appellant nearly hit the trooper with his car. The trooper subsequently pulled appellant over for failing to yield the right-of-way to the trooper's car. The trooper gave appellant field sobriety tests and an intoxilyzer test that showed that appellant had a blood alcohol level of .13.

The State indicted appellant for the felony offense of driving while intoxicated because he had two prior felony convictions. The State also alleged appellant "used or exhibited" his vehicle as "a deadly weapon." Appellant pleaded guilty to the offense and true to the prior felony convictions, but "not true" to the deadly weapon enhancement. Because appellant pleaded guilty to the offense, the only matters before the jury were whether the car was a deadly weapon and the amount of punishment to be assessed for the offense.

During its argument to the jury regarding punishment, the State said,

> You know, of course, he doesn't want that deadly weapon, because he wants to get out as soon as he can. But woe be unto us when he does. Look at that [criminal history]. Chance after chance after chance. And let me tell you, when he gets out, based on this, he's going to be right back in here somewhere.

In reply to this argument, appellant stated, "Judge, I'm going to object. That's improper argument." The court overruled appellant, and appellant made no further comments regarding the State's argument. The jury's verdict determined appellant had not used his vehicle as a deadly weapon and assessed his punishment.

## State's Closing Argument

Appellant contends the State's closing argument at the punishment phase of trial

improperly inflamed the passions of the jury.

## A.  Applicable Law

■ To preserve an issue for appeal, a timely objection must be made that states the specific ground for the objection, if the specific ground is not apparent from the context. *See* Tex.R.App. P. 33.1; *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex.Crim. App.2006). A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is obvious to the court and to opposing counsel. *Buchanan*, 207 S.W.3d at 775.

■ Ordinarily, an objection to "improper argument" is too general to preserve error. *See Hougham v. State*, 659 S.W.2d 410, 414 (Tex.Crim.App.1983) (holding appellant's objection, "[w]e will object to this line of argument," too general to apprise trial court of ground for his objection regarding complaint about prosecutor's jury argument); *Davila v. State*, 952 S.W.2d 872, 878 (Tex.App.-Corpus Christi 1997, pet. ref'd) (noting that ordinarily "improper argument" objection is general objection to prosecutor's jury argument); *Huggins v. State*, 795 S.W.2d 909, 912 (Tex. App.-Beaumont 1990, pet. ref'd) (holding error not preserved where appellant's objection of "improper" was too general to apprise court of ground for objection; court noted, "The rule has been firmly established that general objection such as improper and impermissible when leveled against the prosecutor's jury arguments simply fail[ ] to present a viable point for appellate review."); *Lowe v. State*, 676 S.W.2d 658, 662 (Tex.App.-Houston [1st Dist.] 1984, pet. ref'd) (holding appellant failed to preserve error where his objection, "I object to this type of argument," was too general).

■ A general objection, however, can be sufficient to preserve error when the record shows the trial court understood the nature of the objection such as, for example, when the trial court denies a motion for mistrial or specifically instructs the jury concerning the same matter raised in the appeal. *See, e.g., Everett v. State*, 707 S.W.2d 638, 641 (Tex.Crim.App. 1986) (holding objection on grounds that an argument was "improper" sufficiently preserved error based on prosecutor's argument, coupled with defense counsel's objection, which informed the court of the type of error, and trial court admonished prosecutor after overruling defense counsel's objection); *Davila*, 952 S.W.2d at 878 (holding "improper argument" objection was general, but error preserved because court admonished prosecutor before denying mistrial); *Martinez v. State*, 833 S.W.2d 188, 192 (Tex.App.-Dallas 1992, pet. ref'd) (holding "improper and inflammatory" objection to jury argument was general but sufficient to preserve error under circumstances because trial judge and prosecutor were aware of substance of objection as court instructed jury to remember testimony as they heard it).

## B.  Analysis

■ Appellant's objection that the prosecutor was making an "improper argument" is insufficient to preserve error in this case because it is a general objection and the trial court made no statements that would indicate it understood the nature of the objection. We hold appellant waived any purported error in this case. *See Everett*, 707 S.W.2d at 641; *Davila*, 952 S.W.2d at 878; *Martinez*, 833 S.W.2d at 192; *Huggins*, 795 S.W.2d at 912.

■ We also note, however, that had he sufficiently preserved error, appellant's argument would be properly overruled because the State's argument was a plea for law enforcement. An argument such as

"chance after chance" shows that the State was simply asking the jury to assess a longer sentence than it otherwise would because appellant had not responded to previous sentences and a longer sentence was needed to protect society from appellant. *See, e.g., Pittman v. State,* 9 S.W.3d 432, 434 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (finding in DWI trial, prosecutor's multiple statements that jury should sentence defendant to 20 years because defendant would drive drunk again and kill someone were proper pleas for law enforcement); *Long v. State,* 820 S.W.2d 888, 894–95 (Tex.App.-Houston [1st Dist.] 1991, pet. ref'd) (prosecutor's plea that jury incarcerate accused for extended time to prevent appellant from doing same thing again was proper plea for law enforcement).

We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.