

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00012-CR

STEVEN BRENT WILSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Appellant Steven Brent Wilson appeals the judgment revoking his community supervision. We will affirm.

Pursuant to a plea agreement, Wilson pleaded guilty to felony DWI and was placed on five years' community supervision. Wilson lived in Texas when he committed the DWI in September 2005, but he was not convicted until October

---

[1]*See* Tex. R. App. P. 47.4.

2009 because he left Texas and moved to Colorado sometime in late 2005 or in 2006, where he lived for approximately four years.[2]

In September 2010, the State filed a motion to revoke Wilson's community supervision, alleging that he had violated several terms and conditions of his community supervision. At a hearing on the motion, Wilson testified that he was living in Colorado when he was convicted of felony DWI and placed on community supervision in October 2009 and that he returned to Colorado after being placed on community supervision. Rhett Wallace, the officer responsible for handling transferred community supervision cases, testified that community supervision cases may be transferred from Texas to another state pursuant to an interstate compact and that Colorado accepted Wilson's case in March 2010, approximately five months after his conviction. But according to Wallace, when a case is transferred, the individual on community supervision is usually required to remain in the state of conviction until the other state approves the transfer, and the individual is not relieved of his or her community supervision duties while the approval of the transfer is pending. Wallace testified that Wilson was no exception to these rules; he was supposed to be living in Texas, not Colorado, when the transfer of his community supervision was pending, and he failed to comply with conditions of his community supervision.

---

[2]Wilson acknowledged that a warrant for his arrest issued during his absence from Texas.

2

Wilson agreed that he failed to comply with multiple terms and conditions of his community supervision, but he testified that he had informed the probation office that he lived in Colorado, that he had reported to a probation officer in Colorado, and that he had paid fees and attended several classes in Colorado in an attempt to comply with the terms and conditions of his community supervision. The trial court found true several of the State's allegations, revoked Wilson's community supervision, and sentenced him to five years' confinement.

In his first issue, Wilson argues that the trial court deprived him of his right to procedural due process as guaranteed by the state and federal constitutions because he was not allowed adequate time to perform the requirements of his community supervision once his case was transferred to Colorado. In his second issue, Wilson argues that the trial court deprived him of his right to procedural due process because he complied with the requests of the Colorado probation officer and because Colorado did not provide "the exact classes requested of him by his probation order." The State responds that Wilson failed to preserve both issues for appellate review. We agree.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection

is obvious to the court and to opposing counsel. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). It is well established that constitutional rights, including the right to due process and due course of law, may be forfeited by failing to make a proper request, objection, or motion in the trial court. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Rogers v. State*, 640 S.W.2d 248, 264–65 (Tex. Crim. App. [Panel Op.] 1982) (holding in opinion on State's second motion for rehearing that appellant failed to preserve due process argument).

We have reviewed the entire record. At no point during the revocation hearing did Wilson assert any objection on due process grounds, nor did he file a motion for new trial or other motion complaining of a due process violation. Wilson did contend during closing arguments that it would not be "fair" to revoke his community supervision due to violations that occurred before he was assigned a community supervision officer in Colorado. However, notwithstanding that this argument does not comport with his arguments on appeal, to the extent that this could be construed as a general objection, there is nothing in the record to show that the trial court understood that Wilson was complaining of a due process violation, and Wilson did not obtain a ruling. *See Buchanan*, 207 S.W.3d

4

at 775; *Miles v. State*, 312 S.W.3d 909, 911 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (holding that appellant's general objection failed to preserve issue for review). Accordingly, we hold that Wilson failed to preserve his first and second issues for appellate review. We overrule Wilson's two issues and affirm the trial court's judgment revoking his community supervision.


                                          BILL MEIER
                                          JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 13, 2011