02-11-012-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00012-CR

 

 


 
 
 Steven Brent Wilson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 16th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          In
two issues, Appellant Steven Brent Wilson appeals the judgment revoking his
community supervision.  We will affirm.

          Pursuant
to a plea agreement, Wilson pleaded guilty to felony DWI and was placed on five
years’ community supervision.  Wilson lived in Texas when he committed the DWI
in September 2005, but he was not convicted until October 2009 because he left
Texas and moved to Colorado sometime in late 2005 or in 2006, where he lived
for approximately four years.[2]

          In
September 2010, the State filed a motion to revoke Wilson’s community
supervision, alleging that he had violated several terms and conditions of his
community supervision.  At a hearing on the motion, Wilson testified that he
was living in Colorado when he was convicted of felony DWI and placed on
community supervision in October 2009 and that he returned to Colorado after
being placed on community supervision.  Rhett Wallace, the officer responsible
for handling transferred community supervision cases, testified that community
supervision cases may be transferred from Texas to another state pursuant to an
interstate compact and that Colorado accepted Wilson’s case in March 2010,
approximately five months after his conviction.  But according to Wallace, when
a case is transferred, the individual on community supervision is usually required
to remain in the state of conviction until the other state approves the
transfer, and the individual is not relieved of his or her community
supervision duties while the approval of the transfer is pending.  Wallace
testified that Wilson was no exception to these rules; he was supposed to be
living in Texas, not Colorado, when the transfer of his community supervision was
pending, and he failed to comply with conditions of his community supervision.

          Wilson
agreed that he failed to comply with multiple terms and conditions of his
community supervision, but he testified that he had informed the probation
office that he lived in Colorado, that he had reported to a probation officer
in Colorado, and that he had paid fees and attended several classes in Colorado
in an attempt to comply with the terms and conditions of his community
supervision.  The trial court found true several of the State’s allegations,
revoked Wilson’s community supervision, and sentenced him to five years’
confinement.

          In
his first issue, Wilson argues that the trial court deprived him of his right
to procedural due process as guaranteed by the state and federal constitutions
because he was not allowed adequate time to perform the requirements of his
community supervision once his case was transferred to Colorado.  In his second
issue, Wilson argues that the trial court deprived him of his right to
procedural due process because he complied with the requests of the Colorado
probation officer and because Colorado did not provide “the exact classes
requested of him by his probation order.”  The State responds that Wilson
failed to preserve both issues for appellate review.  We agree.

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  A general or imprecise
objection may be sufficient to preserve error for appeal, but only if the legal
basis for the objection is obvious to the court and to opposing counsel.  Buchanan
v. State, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006).  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  It is well established that
constitutional rights, including the right to due process and due course of
law, may be forfeited by failing to make a proper request, objection, or motion
in the trial court.  See Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995); Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim.
App. 1986); Rogers v. State, 640 S.W.2d 248, 264–65 (Tex. Crim. App.
[Panel Op.] 1982) (holding in opinion on State’s second motion for rehearing
that appellant failed to preserve due process argument).

          We
have reviewed the entire record.  At no point during the revocation hearing did
Wilson assert any objection on due process grounds, nor did he file a motion
for new trial or other motion complaining of a due process violation.  Wilson did
contend during closing arguments that it would not be “fair” to revoke his
community supervision due to violations that occurred before he was assigned a
community supervision officer in Colorado.  However, notwithstanding that this
argument does not comport with his arguments on appeal, to the extent that this
could be construed as a general objection, there is nothing in the record to
show that the trial court understood that Wilson was complaining of a due
process violation, and Wilson did not obtain a ruling.  See Buchanan,
207 S.W.3d at 775; Miles v. State, 312 S.W.3d 909, 911 (Tex.
App.—Houston [1st Dist.] 2010, pet. ref’d) (holding that appellant’s general
objection failed to preserve issue for review).  Accordingly, we hold that
Wilson failed to preserve his first and second issues for appellate review.  We
overrule Wilson’s two issues and affirm the trial court’s judgment revoking his
community supervision.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 13, 2011









[1]See Tex. R. App. P. 47.4.





[2]Wilson acknowledged that a
warrant for his arrest issued during his absence from Texas.