02-11-032-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00032-CR

 

 


 
 
 Dominque Nashaun
 Parker
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

 

FROM Criminal
District Court No. 3 OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Dominque Nashaun Parker appeals his conviction and sentence of two years’
confinement for possessing four or more but less than four hundred grams of methylenedioxy
methamphetamine (ecstasy).[2] 
He contends in two points that reversible error occurred because the State
discussed his plea negotiations and criminal history during its closing
argument.  We affirm.

Background
Facts

          A
grand jury indicted appellant for possessing four or more but less than four
hundred grams of ecstasy.  Appellant retained counsel, entered an open guilty
plea, waived constitutional and statutory rights, and judicially confessed that
he committed each act alleged in the indictment.

          At
a hearing following appellant’s plea, the trial court admitted, without
objection, a presentence investigation report, and the court also heard brief testimony
from appellant, who said that he had intended to sell the ecstasy, and his mother,
who said that appellant had broken his relationships with people who had negatively
influenced him.

          Both
of appellant’s points arise from comments that the prosecutor made during
closing argument.  The prosecutor said, 

Your Honor, the
State’s offer prior to the open plea had been 10 years TDC.[[3]] 
We based on that his -- the escalating nature of his criminal history.  He’s
always been able to receive a break from the State one way or another over as
many cases he’s picked up.  He’s continued to demonstrate criminal behavior,
now moving into actual narcotics transactions.  And, although the State waived
the intent to deliver language in good faith as part of an attempt to get an
open plea, his own admissions to the PSI officer indicate that I probably
should have not done that, since he clearly had the intent to sell that dope in
exchange for money, but that being said, Your Honor, the State’s last offer was
10 years TDC.  I defer the Court for disposition in this case.

 

After
listening to the prosecutor’s argument, the trial court found appellant guilty
and sentenced him to two years’ confinement.  Appellant brought this appeal.

The
Forfeiture of Appellant’s Points

          Appellant
offered no objection to the prosecutor’s statements at the time they were
given.  Thus, in his first point, appellant contends that plain error, to which
an objection would not be required, occurred when the prosecutor notified the
trial court about appellant’s plea negotiation.  He relies in part on rule of
evidence 410, which relates to the general inadmissibility of plea discussions. 
See Tex. R. Evid. 410(4) (excluding from evidence any statement made in
the course of plea discussions that does “not result in a plea of guilty or a
plea of nolo contendere or that results in a plea, later withdrawn, of
guilty or nolo contendere).  In his second point, appellant argues that
plain error occurred when the prosecutor referred to “extraneous crimes that
[appellant] had not committed and that he could not be held criminally
responsible for.”  For the reasons stated below, we disagree with appellant’s
characterization of his complaints as plain error, and we therefore conclude
that appellant forfeited the complaints by failing to object to the
prosecutor’s comments.

          In
most circumstances, to preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton
v. State, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the
trial court must have ruled on the request, objection, or motion, either
expressly or implicitly, or the complaining party must have objected to the
trial court’s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State,
138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not
address the merits of an issue that has not been preserved for appeal.  Ford
v. State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).  Preservation of
error is a systemic requirement.  Archie v. State, 221 S.W.3d 695, 698
(Tex. Crim. App. 2007).  Generally, an appellant may not complain about his
sentence for the first time on appeal.  See Kim v. State, 283
S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d).

          Rule
of appellate procedure 33.1, however, “does not apply to rights which are
waivable only or to absolute systemic requirements, the violation of which may
still be raised for the first time on appeal.”  State v. Dunbar, 297
S.W.3d 777, 780 (Tex. Crim. App. 2009).  Systemic requirements, also known as
absolute requirements or prohibitions, are laws that a trial court has a duty
to follow even if the parties wish otherwise.  Mendez, 138 S.W.3d at
340; see Anderson v. State, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). 
Systemic requirements include jurisdiction of the person or subject matter, a
constitutional requirement that a district court conduct its proceedings at the
county seat, and a constitutional prohibition against ex post facto laws.  Saldano
v. State, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002); Hall v. State,
303 S.W.3d 336, 341 (Tex. App.—Amarillo 2009, pet. ref’d).  “Waivable only”
rights include the right to the assistance of counsel and the right to trial by
jury.  Saldano, 70 S.W.3d at 888.

          Appellant
does not direct us to any authority, and we find none, characterizing the
State’s discussion of plea negotiations or of the defendant’s criminal history
during closing argument as systemic, waivable-only, or otherwise “fundamental”
or “plain” error.[4]  On the contrary, courts have repeatedly
emphasized that a defendant must preserve a complaint that the State’s closing
argument was improper.  See Threadgill v. State, 146 S.W.3d 654,
670 (Tex. Crim. App. 2004) (“Because appellant failed to object to the jury
argument, he has forfeited his right to raise the issue on appeal.”); Mathis
v. State, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002); Cockrell v.
State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (“Therefore, we hold a
defendant’s failure to object to a jury argument or a defendant’s failure to
pursue to an adverse ruling his objection to a jury argument forfeits his right
to complain about the argument on appeal.”), cert. denied, 520 U.S. 1173
(1997); Marchbanks v. State, 341 S.W.3d 559, 565 (Tex. App.—Fort Worth
2011, no pet.).  Courts have applied this rule to bench trials.  See, e.g.,
Tucker v. State, 07-10-00421-CR, 2011 WL 3652762, at *2 (Tex. App.—Amarillo
Aug. 19, 2011, pet. ref’d) (mem. op., not designated for publication).

          Moreover,
in Whitaker v. State, the court of criminal appeals required
preservation of a contention that witnesses improperly discussed a plea
negotiation during the guilt and punishment phases of trial; the court noted,
“[T]he record clearly reflects that appellant made no objection to the State’s
references to the . . . plea negotiations.  Appellant, therefore, procedurally
defaulted any error in these references.”  286 S.W.3d 355, 362 (Tex. Crim. App.
2009); see also Capps v. State, 244 S.W.3d 520, 530 (Tex. App.—Fort
Worth 2007, pet. ref’d) (mem. op.) (holding that a defendant forfeited his
complaint that evidence contained statements about plea bargaining by not
raising the complaint at trial).  Likewise, appellate courts
have required preservation of arguments concerning a discussion of a
defendant’s criminal history during the punishment phase of a trial.  See, e.g., Miles
v. State, 312 S.W.3d 909, 910 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d)
(“We conclude appellant waived the [improper argument] complaint by failing to
make a specific objection to the argument.”).

          The
facts of Miles are similar to those in this case.  Miles had pled guilty
to driving while intoxicated.  Id.  During the punishment phase, the
State told the jury, “Look at that [criminal history].  Chance after chance
after chance.  And let me tell you, when he gets out, based on this, he’s going
to be right back in here somewhere.”  Id.  Miles objected, stating,
“That’s improper argument.”  Id.  But the court overruled Miles’s
objection, and Miles made no further comments regarding the State’s argument.  Id. 
On appeal, the appellate court concluded that Miles’s objection was
“insufficient to preserve error” because it was overly general.  Id. at
911; see also Kelley v. State, No. 01-96-01078-CR, 1998 WL 43311,
at *2 (Tex. App.—Houston [1st Dist.] Feb. 5, 1998, no pet.) (not designated for
publication) (holding that the defendant failed to preserve a complaint that
the State improperly urged the jury to levy a harsher punishment in light of the
defendant’s criminal history because although the defendant objected to the
argument at trial, he failed to request a curative instruction or mistrial).  Appellant
relies in part on Abdygapparova v. State, but in that case, the
defendant objected to the discussion of plea negotiations, thus preserving the
issue for appellate review.  243 S.W.3d 191, 204 (Tex. App.—San Antonio 2007,
pet. ref’d).

          Based
on this authority, we conclude that appellant’s complaints about the
prosecutor’s closing argument do not fall into the categories of error to which
no objection is required, and we therefore hold that by failing to object, appellant
forfeited the complaints.  We overrule appellant’s points.

Conclusion

          Having
overruled appellant’s points, we affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 1, 2011









[1]See Tex. R. App. P. 47.4.





[2]See
Tex. Health & Safety Code Ann. § 481.103(a)(1) (West Supp. 2011), §
481.116(a), (d) (West 2010).





[3]As
the State notes, the ten-year plea bargain offer had already been disclosed to
the trial court through written plea admonishments that were signed by
appellant and filed of record.





[4]“The
traditional term in Texas’ criminal law that corresponds to ‘plain error’ is ‘fundamental
error.’”  Jimenez v. State, 32 S.W.3d 233, 238 & n.19 (Tex. Crim.
App. 2000); see also Tex. R. Evid. 103(d) (“In a criminal case, nothing
in these rules precludes taking notice of fundamental errors affecting substantial
rights although they were not brought to the attention of the court.”).  The
court of criminal appeals now considers questions of fundamental error under
the categorical framework that classifies potential error into systemic rights,
waivable-only rights, or forfeitable rights.  See Mendez, 138 S.W.3d at
341; Sanchez v. State, 120 S.W.3d 359, 366 (Tex. Crim. App. 2003).