

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00032-CR

DOMINQUE NASHAUN PARKER                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Dominque Nashaun Parker appeals his conviction and sentence of two years' confinement for possessing four or more but less than four hundred grams of methylenedioxy methamphetamine (ecstasy).[2]  He contends in two

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Health & Safety Code Ann. § 481.103(a)(1) (West Supp. 2011), § 481.116(a), (d) (West 2010).

points that reversible error occurred because the State discussed his plea negotiations and criminal history during its closing argument. We affirm.

## Background Facts

A grand jury indicted appellant for possessing four or more but less than four hundred grams of ecstasy. Appellant retained counsel, entered an open guilty plea, waived constitutional and statutory rights, and judicially confessed that he committed each act alleged in the indictment.

At a hearing following appellant's plea, the trial court admitted, without objection, a presentence investigation report, and the court also heard brief testimony from appellant, who said that he had intended to sell the ecstasy, and his mother, who said that appellant had broken his relationships with people who had negatively influenced him.

Both of appellant's points arise from comments that the prosecutor made during closing argument. The prosecutor said,

> Your Honor, the State's offer prior to the open plea had been 10 years TDC.[3] We based on that his -- the escalating nature of his criminal history. He's always been able to receive a break from the State one way or another over as many cases he's picked up. He's continued to demonstrate criminal behavior, now moving into actual narcotics transactions. And, although the State waived the intent to deliver language in good faith as part of an attempt to get an open plea, his own admissions to the PSI officer indicate that I probably should have not done that, since he clearly had the intent to sell that

---

[3]As the State notes, the ten-year plea bargain offer had already been disclosed to the trial court through written plea admonishments that were signed by appellant and filed of record.

2

dope in exchange for money, but that being said, Your Honor, the State's last offer was 10 years TDC. I defer the Court for disposition in this case.

After listening to the prosecutor's argument, the trial court found appellant guilty and sentenced him to two years' confinement. Appellant brought this appeal.

### The Forfeiture of Appellant's Points

Appellant offered no objection to the prosecutor's statements at the time they were given. Thus, in his first point, appellant contends that plain error, to which an objection would not be required, occurred when the prosecutor notified the trial court about appellant's plea negotiation. He relies in part on rule of evidence 410, which relates to the general inadmissibility of plea discussions. *See* Tex. R. Evid. 410(4) (excluding from evidence any statement made in the course of plea discussions that does "not result in a plea of guilty or a plea of *nolo contendere* or that results in a plea, later withdrawn, of guilty or *nolo contendere*). In his second point, appellant argues that plain error occurred when the prosecutor referred to "extraneous crimes that [appellant] had not committed and that he could not be held criminally responsible for." For the reasons stated below, we disagree with appellant's characterization of his complaints as plain error, and we therefore conclude that appellant forfeited the complaints by failing to object to the prosecutor's comments.

In most circumstances, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that

states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). Preservation of error is a systemic requirement. *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007). Generally, an appellant may not complain about his sentence for the first time on appeal. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

Rule of appellate procedure 33.1, however, "does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal." *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). Systemic requirements, also known as absolute requirements or prohibitions, are laws that a trial court has a duty to follow even if the parties wish otherwise. *Mendez*, 138 S.W.3d at 340; *see Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). Systemic requirements include jurisdiction of the person or subject matter, a constitutional requirement that a district court conduct its proceedings at the county seat, and a constitutional

4

prohibition against ex post facto laws. *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002); *Hall v. State*, 303 S.W.3d 336, 341 (Tex. App.—Amarillo 2009, pet. ref'd). "Waivable only" rights include the right to the assistance of counsel and the right to trial by jury. *Saldano*, 70 S.W.3d at 888.

Appellant does not direct us to any authority, and we find none, characterizing the State's discussion of plea negotiations or of the defendant's criminal history during closing argument as systemic, waivable-only, or otherwise "fundamental" or "plain" error.[4] On the contrary, courts have repeatedly emphasized that a defendant must preserve a complaint that the State's closing argument was improper. *See Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) ("Because appellant failed to object to the jury argument, he has forfeited his right to raise the issue on appeal."); *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("Therefore, we hold a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal."), *cert.*

---

[4]"The traditional term in Texas' criminal law that corresponds to 'plain error' is 'fundamental error.'" *Jimenez v. State*, 32 S.W.3d 233, 238 & n.19 (Tex. Crim. App. 2000); *see also* Tex. R. Evid. 103(d) ("In a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court."). The court of criminal appeals now considers questions of fundamental error under the categorical framework that classifies potential error into systemic rights, waivable-only rights, or forfeitable rights. *See Mendez*, 138 S.W.3d at 341; *Sanchez v. State*, 120 S.W.3d 359, 366 (Tex. Crim. App. 2003).

*denied*, 520 U.S. 1173 (1997); *Marchbanks v. State*, 341 S.W.3d 559, 565 (Tex. App.—Fort Worth 2011, no pet.). Courts have applied this rule to bench trials. *See, e.g.*, *Tucker v. State*, 07-10-00421-CR, 2011 WL 3652762, at *2 (Tex. App.—Amarillo Aug. 19, 2011, pet. ref'd) (mem. op., not designated for publication).

Moreover, in *Whitaker v. State*, the court of criminal appeals required preservation of a contention that witnesses improperly discussed a plea negotiation during the guilt and punishment phases of trial; the court noted, "[T]he record clearly reflects that appellant made no objection to the State's references to the . . . plea negotiations. Appellant, therefore, procedurally defaulted any error in these references." 286 S.W.3d 355, 362 (Tex. Crim. App. 2009); *see also Capps v. State*, 244 S.W.3d 520, 530 (Tex. App.—Fort Worth 2007, pet. ref'd) (mem. op.) (holding that a defendant forfeited his complaint that evidence contained statements about plea bargaining by not raising the complaint at trial). Likewise, appellate courts have required preservation of arguments concerning a discussion of a defendant's criminal history during the punishment phase of a trial. *See, e.g.*, *Miles v. State*, 312 S.W.3d 909, 910 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("We conclude appellant waived the [improper argument] complaint by failing to make a specific objection to the argument.").

6

The facts of *Miles* are similar to those in this case. Miles had pled guilty to driving while intoxicated. *Id.* During the punishment phase, the State told the jury, "Look at that [criminal history]. Chance after chance after chance. And let me tell you, when he gets out, based on this, he's going to be right back in here somewhere." *Id.* Miles objected, stating, "That's improper argument." *Id.* But the court overruled Miles's objection, and Miles made no further comments regarding the State's argument. *Id.* On appeal, the appellate court concluded that Miles's objection was "insufficient to preserve error" because it was overly general. *Id.* at 911; *see also Kelley v. State*, No. 01-96-01078-CR, 1998 WL 43311, at *2 (Tex. App.—Houston [1st Dist.] Feb. 5, 1998, no pet.) (not designated for publication) (holding that the defendant failed to preserve a complaint that the State improperly urged the jury to levy a harsher punishment in light of the defendant's criminal history because although the defendant objected to the argument at trial, he failed to request a curative instruction or mistrial). Appellant relies in part on *Abdygapparova v. State*, but in that case, the defendant objected to the discussion of plea negotiations, thus preserving the issue for appellate review. 243 S.W.3d 191, 204 (Tex. App.—San Antonio 2007, pet. ref'd).

Based on this authority, we conclude that appellant's complaints about the prosecutor's closing argument do not fall into the categories of error to which no

objection is required, and we therefore hold that by failing to object, appellant forfeited the complaints.  We overrule appellant's points.

## Conclusion

Having overruled appellant's points, we affirm the trial court's judgment.


                                                     TERRIE LIVINGSTON
                                                     CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 1, 2011