NO. 07-11-0165-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 30, 2012
_____

COREY CONNER,

                                                                    Appellant
v.

THE STATE OF TEXAS,

                                                                    Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-426,098; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Corey Conner challenges his conviction of murder by contending the State improperly bolstered and vouched for the credibility of its witnesses during closing argument. We affirm the judgment because the complaint was not preserved for appeal.

Error pertaining to jury argument is waived by the failure to make a timely and proper objection. *Estrada v. State,* 313 S.W.3d 274, 303 (Tex. Crim. App. 2010), *cert. denied,* __ U.S. __, 131 S.Ct. 905, 178 L.Ed.2d 760 (2011); *Miles v. State*, 312 S.W.3d

909, 911 (Tex. App.–Houston [1st Dist.] 2010, pet. ref'd); *Lange v. State,* 57 S.W.3d 458, 467 (Tex. App.–Amarillo 2002, pet. ref'd). Moreover, the grounds underlying any objection uttered at trial must comport with those asserted on appeal. *Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Because appellant did not object to some of the comments in question and the objection raised regarding others failed to comport with his complaint on appeal, the purported errors were not preserved for review.[1] Appellant concedes as much but nonetheless asks us to deem the complaint "plain error" under *United States v. Gracia,* 522 F.3d 597 (5th Cir. 2008) and dispense with the preservation requirement. To do that, however, would be to ignore holdings of the Texas Court of Criminal Appeals akin to that in *Estrada.* We may not do that. Instead, we invite appellant to propose his request for a new standard of review to the Court of Criminal Appeals.

Accordingly, the issue is overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.

---

[1]At one point, appellant objected to the prosecutor's reference to the statements purportedly made by individuals who did not testify. When the prosecutor explained that he was only referring to the fact that statements were taken and not to their content, appellant responded, "[t]hat's fine." The court then overruled the objection.