NO. 07-11-0165-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
 JANUARY 30, 2012
 _________________________
 
 COREY CONNER, 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 __________________________
 
 FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2010-426,098; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING
 __________________________
 
 Memorandum Opinion
 __________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Appellant Corey Conner challenges his conviction of murder by contending the State improperly bolstered and vouched for the credibility of its witnesses during closing argument. We affirm the judgment because the complaint was not preserved for appeal.
 Error pertaining to jury argument is waived by the failure to make a timely and proper objection. Estrada v. State, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010), cert. denied, __ U.S. __, 131 S.Ct. 905, 178 L.Ed.2d 760 (2011); Miles v. State, 312 S.W.3d 909, 911 (Tex. App. - Houston [1[st] Dist.] 2010, pet. ref'd); Lange v. State, 57 S.W.3d 458, 467 (Tex. App. - Amarillo 2002, pet. ref'd). Moreover, the grounds underlying any objection uttered at trial must comport with those asserted on appeal. Pena v. State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Because appellant did not object to some of the comments in question and the objection raised regarding others failed to comport with his complaint on appeal, the purported errors were not preserved for review. Appellant concedes as much but nonetheless asks us to deem the complaint "plain error" under United States v. Gracia, 522 F.3d 597 (5[th] Cir. 2008) and dispense with the preservation requirement. To do that, however, would be to ignore holdings of the Texas Court of Criminal Appeals akin to that in Estrada. We may not do that. Instead, we invite appellant to propose his request for a new standard of review to the Court of Criminal Appeals. 
 Accordingly, the issue is overruled, and the judgment is affirmed.

 Brian Quinn 
 Chief Justice
Do not publish.