

NUMBER 13-13-00305-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**PANFILO JOSE PEREZ,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

### On appeal from the 24th District Court of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

Pursuant to an open plea, appellant Panfilo Jose Perez pleaded guilty to one count of continuous sexual abuse of a child under fourteen years of age, a first-degree felony, *see* TEX. PENAL CODE ANN. § 21.02(b), (h) (West Supp. 2013), two counts of

sexual assault of a child, each a second-degree felony offense, *see id.* §
22.011(a)(2)(A), (c), (f) (West 2011), and one count of indecency with a child by sexual
contact, a second-degree felony offense, *see id.* § 21.11(a)(1), (d) (West 2011). The
trial court sentenced appellant to life imprisonment on count one and twenty years'
imprisonment each on counts two, three, and four, with all sentences to be served
concurrently. By a single issue, appellant complains that the trial court erred when it
overruled his objection to the testimony of an "improper outcry witness" at the
punishment phase of trial. We affirm.

## I.    DISCUSSION

At the punishment phase, Amy Arguellez Rodriguez, the sister of appellant's ex-
girlfriend, testified regarding an occasion when her four children stayed with her sister
and appellant at their home in Taylor, Texas. Rodriguez testified as follows:

| Q [Prosecutor]: | When your children came back to Victoria, did you notice anything different about [T.V.] or how they were acting?[1] |
| --- | --- |
| A [Rodriguez]: | Yeah. They were very quiet. My kids weren't the quiet type. And I had a friend staying with me at the time and she talked to them and the kids told her. |
| Q: | At some point, because of what your kids told your friend, were law enforcement contacted? |
| A: | Yes. |
| [Defense counsel]: | Your Honor, I'll object. We're getting into something that was told to her friend and law enforcement, and that's improper. |
| [the Court]: | Overruled. |

---

[1] T.V., Rodriguez's daughter, was six years old at the time of the incident. She was nineteen years old at the time of trial and testified, without objection, at the punishment phase regarding the incident. In the present case, appellant pleaded guilty to sexual offenses committed against two other child victims.

Q:        I don't want to know what was said, but was law enforcement contacted?

A:        Yes.

Q:        Was law enforcement contacted up in Taylor?

A:        We called from here and they called up there.

Appellant argues that the trial court erred in overruling defense counsel's objection to Rodriguez's testimony. Appellant appears to argue that the testimony was inadmissible because it was hearsay testimony not subject to the outcry-witness exception. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2013) (providing for statutory hearsay exception for a child's outcry statements).

The State argues that: (1) appellant failed to preserve any issue for review because his objection was insufficiently specific; and (2) the testimony did not contain a hearsay statement. We agree.

"It is well established that, in order to preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006); *see* TEX. R. APP. P. 33.1. "A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is obvious to the court and to opposing counsel." *Id.* Here, defense counsel made a very general objection. Generally, for a complaint to be obvious without having been explicitly stated, there must be statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Here, however, the trial court made no statements indicating that it understood the nature of defense counsel's objection. *See*

3

*id.* at 340 (finding error not preserved where there was nothing in record indicating that judge or prosecutor understood the nature of appellant's objections); *Miles v. State*, 312 S.W.3d 909, 911 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (holding general objection of "improper argument" insufficient to preserve error where trial court made no statements indicating that it understood the nature of the objection). We hold that appellant failed to preserve any purported error. *See Clark*, 365 S.W.3d at 340; *Miles*, 312 S.W.3d at 911.

Moreover, we note that even if appellant had sufficiently preserved error on hearsay grounds, the trial court did not err in overruling the objection because there was no hearsay statement. Hearsay is a statement, other than one made by the declarant, while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Here, defense counsel's objection was apparently directed at Rodriguez's statement, "the kids told her." Rodriguez did not testify, however, about any statements made by the children. Thus, even if the trial court understood the nature of defense counsel's objection, it did not err in overruling it. We overrule appellant's sole issue.

## II. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of January, 2014.