

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICK SHAUGHNESSY HATT, JR., | § | No. 08-13-00057-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | Criminal District Court No. 2 |
| | § | |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| | § | |
| Appellee. | § | (TC# 1299765R) |
| | § | |

**O P I N I O N**

Patrick Shaughnessy Hatt, Jr. appeals his convictions of engaging in organized criminal activity (aggravated robbery with a deadly weapon)(Counts I and III). A jury found Appellant guilty of each count and made an affirmative deadly weapon finding. The trial court assessed punishment at imprisonment for a term of thirty years on each count and entered an affirmative deadly weapon finding in the judgment. We affirm.

**FACTUAL SUMMARY**

The evidence at trial established that Appellant, Stephen Orosco, and Savon Ray committed three armed robberies in Arlington (cause numbers 1297763R, 1299765R, 1299766R). The State introduced evidence that Appellant, Orosco, and Ray are gang members. Orosco testified against Appellant. On the evening of March 27, 2011, Orosco, Appellant, and Savon Ray took Xanax and smoked marihuana laced with formaldehyde PCP (embalming fluid)

together at Appellant's house and then decided to go the Parks Mall. While driving to the mall, Ray brought up the idea of robbing someone. Even though the vehicle belonged to Appellant's grandmother, Ray drove because his arm was in a cast and he could not participate in the robberies. They drove to a Fiesta Chicken restaurant and Appellant and Orosco, with their faces covered by blue bandanas, got out of their vehicle and approached a vehicle driven by Carlos DeLeon in the drive-thru lane. Appellant and Orosco pointed guns at Mr. DeLeon and his family and robbed them (cause number 1299766R). After leaving the Fiesta Chicken restaurant, the trio went to Parks Mall and saw a man, Wei He, who was leaving the restaurant where he worked as the manager. Mr. He had the restaurant's bank deposit for the day and he was walking to his car when he heard the car approaching rapidly. Appellant and Orosco, armed with guns, approached Mr. He. Mr. He attempted to quickly get into his car but Orosco "pistol-whipped" him on top of the head. Mr. He gave them the bank bag which contained $5,600 (cause number 1299763R). Appellant and his friends next robbed Ross Holder and Austin Michelson at gunpoint as they were walking from the parking lot to a P.F. Chang restaurant. Appellant and Orosco stole the victims' wallets and cell phones (cause number 1299765R).[1] Holder, Michelson, and He provided police with a description of the robbers' vehicle and a partial license plate number. Police broadcast a description of the vehicle and they also tracked the stolen cell phones via GPS signal to a local in Grand Prairie. A Grand Prairie police officer, Kevin Cox, spotted a vehicle matching the BOLO description at a house and began watching it. After a while, a group of individuals exited the house, got into the vehicle and drove away. Officer Cox stopped the vehicle which was being driven by Appellant. Grand Prairie police officers took into custody

---

[1] Ross Holder is the complainant in Count I and Austin Michelson is the complainant is Count III.

four individuals, including Appellant. Officer Cox found a gun underneath the driver's seat and Appellant had live ammunition in his pocket. Appellant was also wearing a blue bandana around his neck. Officers recovered a bank deposit slips and additional blue bandanas from the vehicle.

## IMPROPER JURY ARGUMENT

In his sole issue, Appellant argues that the prosecutor made an improper closing argument when he told the jury "that they and he were part of the same team, in essence, to show that the community standards required a verdict of guilty." When the State's argument is designed to induce the jury to convict the defendant because the community demands or expects such a result, the argument is improper. *Cortez v. State*, 683 S.W.2d 419, 420 (Tex.Crim.App. 1984). The State responds that Appellant's objections do not preserve the complaint raised on appeal.

The prosecutor stated the following during closing argument:

[The prosecutor]: Now, how do we treat people that do these things? Out on the streets where I grew up, the way we handled things, we settled them. The way this man and his friends handle it, they settle it. So what do we do here? Twelve folks, a jury of his peers, and you folks are an extremely diverse group of folks, but you're united for this case. What you do is you write your name on that verdict line. That's what you do. And I'm your prosecutor fighting this crime. We cannot stand for violence in our community.

[Defense counsel]: Your Honor, it's improper -- we object to improper argument.

[The Court]: It's overruled. It's final argument, not evidence.

[The prosecutor]: For your plea for law enforcement, I'm asking you to stand up. Stand up with me. Put your foot down. Take back your streets so that folks can go to the mall and they can go to the restaurant and not have this happen to them. So good folks like Mr. DeLeon, with his kids in the car, can spend their last bit of money for dinner without having pistols put in daddy's face. That's why we're here. That's why I'm in front of you right now.

It's why people like Chris Wells spend the entirety of their career fighting this stuff, because it's important. This is our town.

This is him and his band of friends. Those are their colors and those are their signs. And what they did on March 27th, 2011, with this and that other gun, that's just what they do. With all these bandanas and all these masks and all that cowardice they could hide behind so their victims can't see their faces. They're bullies. I hated them as a kid and I know you teachers hate them. We can't stand for bullies to run our street.

[Defense counsel]: Your Honor, I would object, because that tends to shift the burden of proof to the Defendant.

[The Court]: That's overruled.

Generally, in order to preserve a complaint related to jury argument error, a timely and specific objection must be made. TEX.R.APP.P. 33.1; *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex.Crim.App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *Staten v. State*, 919 S.W.2d 493, 499 (Tex.App.--Fort Worth 1996, pet. ref'd). A complaint raised on appeal is not preserved if the legal basis of the argument varies from the objection made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009). In other words, the complaint raised on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012).

Appellant's first objection, "improper argument," is too general to preserve error and the record does not show that the legal basis for the objection was apparent to the court and the State. *See Miles v. State*, 312 S.W.3d 909, 911 (Tex.App.--Houston [1st Dist.] 2010, pet. ref'd). Appellant's second objection that the prosecutor's argument shifted the burden to the defendant does not preserve his complaint that the prosecutor effectively informed the jury that the community standards required a verdict of guilty. Accordingly, we overrule Issue One and

affirm the judgment of the trial court.


January 30, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J. Not Participating

(Do Not Publish)