Opinion issued June 14, 2016



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-15-00895-CV

—————————————

**GREGORY MICHAEL SZANYI, JR., Appellant**

**V.**

**TISHA LEE THIBODEAUX GIBSON, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. 15-FD-1550**

---

## MEMORANDUM OPINION

Gregory Michael Szanyi, Jr. appeals a protective order issued against him in favor of Tisha Lee Thibodeaux Gibson. He first argues that an interlocutory order referring this case to an associate judge was not signed by the judge of the referring court. Additionally, he argues that the district court improperly dismissed his

appeal of the associate judge's order because (1) the trial court did not give him 45 days' notice of the hearing before the associate judge; (2) the trial court improperly denied his timely objection to the associate judge hearing the case; and (3) he timely filed his de novo appeal of the associate judge's order. We affirm.

## Background

According to Gibson's affidavit to support the protective order, Szanyi and Gibson had known each other for years before entering into a dating relationship. During this relationship, Szanyi physically hurt her, verbally abused her, and repeatedly threatened her.

On June 21, Gibson and Szanyi argued over whether Gibson was talking to "another male." Szanyi accused her of hiding the relationship by deleting phone messages from the "other male." Their argument continued in another person's car. During the argument, Szanyi "continued to yell in [Gibson's] face." Szanyi "reached over and backhanded [Gibson] in [her] left eye. [She] screamed and [he] hit [her] at least two more times." The driver parked the car and Gibson jumped out.

Gibson suffered two black eyes and severe bruising on her face. She had a CT scan of her face because emergency personnel believed Szanyi might have broken her jaw. Gibson was "afraid that [Szanyi] will continue to hurt [her] or even kill [her] in the future."

On June 26, Gibson filed a request for a protective order against Szanyi, which was assigned to the 306th District Court of Galveston County, Judge Darring presiding. That same day Judge Ewing, a county court judge, sitting on behalf of the 306th District Court,[1] signed a temporary ex parte protective order and a notice of hearing setting a July 20 hearing to determine whether a permanent protective order should be issued. The notice of hearing stated that Judge Baker would preside over the protective-order hearing. The notice was served on Szanyi on July 2. The notice did not state that Judge Baker was an associate judge.

On July 20, the day of the hearing, Szanyi filed an objection to the referral of the case to Judge Baker. Judge Baker denied Szanyi's objection and, after an evidentiary hearing at which Szanyi announced ready, granted the permanent protective order. The protective order found that Szanyi and Gibson were in a dating relationship, Szanyi had committed family violence, and that he would likely commit family violence against Gibson again if a protective order were not entered. The order prohibited Szanyi during the next two years from

---

[1] We take judicial notice of the local rules. *See Office of Pub. Util. Counsel v. Pub. Util. Comm'n*, 878 S.W.2d 598, 600 (Tex. 1994). The Galveston County District and County Court local rules provide that all family law cases will be assigned to one of the three County Courts at Law or the 306th District Court. Galveston (Tex.) Cnty. Courts at Law and Dist. Courts Loc. R. 4.1 (available at http://www.txcourts.gov/All_Archived_Documents/SupremeCourt/Administrative Orders/miscdocket/11/11908300.pdf). The local rules authorize those courts to "exchange cases and benches to accommodate their dockets." *Id.* at Loc. R. 3.11(b).

(1) communicating with Gibson, (2) entering within 200 yards of her residence, and (3) possessing a firearm.

Seven days later, Szanyi filed a notice of appeal for a de novo review of the associate judge's order in the district court. The following day, July 28, Szanyi filed a motion to set aside the protective order. After a county court judge conducted a hearing, the district court denied his appeal because Szanyi "failed to timely file his objection." The district court refused to set aside the order and adopted Judge Baker's order as the final protective order.

Szanyi filed a motion for new trial, which was denied by operation of law. Szanyi appeals the denial of his de novo appeal in the district court.

**Standard of Review**

Szanyi's issues require us to interpret statutory provisions of the Family Code and Government Code. We review statutory interpretation questions de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).

When construing a statute, our primary goal is to give effect to the Legislature's intent. *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 706 (Tex. 2002). To determine that intent, we begin by looking at the plain text of the statute. *Id.* We must always consider a statute as a whole and attempt to give effect to all of its provisions. *Id.*; *see* TEX. GOV'T CODE ANN. § 311.021 (West 2013).

4

**Order of Referral**

Szanyi argues that the case was improperly referred to Judge Baker, an associate judge, because Judge Darring, the judge of the referring court, did not sign the "individual order of referral" to Judge Baker.[2] Because Judge Ewing—and not Judge Darring—signed the order of referral, Szanyi contends that Judge Baker did not have the jurisdiction to issue the protective order.

The first issue is whether Judge Ewing could hear the case in Judge Darring's place. The Government Code allows any "statutory county court judge," like Judge Ewing, to "hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter." TEX. GOV'T CODE ANN. § 74.094 (West 2013); *see Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 227 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("The Texas Constitution and Government Code give district courts broad discretion to exchange benches and enter orders on other cases in the same county . . . .").

The next issue is whether Judge Ewing could refer the case to Associate Judge Baker. A judge can refer a case to an associate judge if the "judge of the referring court" issues "an individual order of referral." TEX. FAM. CODE ANN. § 201.006(a) (West 2014). The judge can refer "any aspect of the suit over which

---

[2]     Both parties assume that the notice of hearing was the "individual order of referral" for purposes of the Family Code.

the court has jurisdiction" to the associate judge absent a timely objection. *Id.* § 201.005(a) (West Supp. 2015).

Judge Ewing, as a county court judge in the same county as the 306th District Court, could "sign a judgment or order in any of the courts regardless of whether the case is transferred" and that order "is valid and binding as if the case were pending in the court of the judge who acts in the matter." TEX. GOV'T CODE ANN. § 74.094; *see Celestine*, 321 S.W.3d at 227. Thus, Judge Ewing properly signed the "individual order of referral" referring the case to Judge Baker. *See* TEX. FAM. CODE ANN. § 201.006(a); *see Celestine*, 321 S.W.3d at 227.

### 45 Days' Notice

Szanyi next argues that he was entitled to 45 days' notice of the July 20 hearing on the protective order under Rule of Civil Procedure 245. *See* TEX. R. CIV. P. 245. Szanyi, however, did not raise this argument at the trial court and, thus, it is not preserved for appellate review.

A party waives any error from the trial court's failure to comply with Rule 245 if it proceeds to trial and does not object to the lack of notice. *Keith v. Keith*, 221 S.W.3d 156, 163 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "A party may waive a complaint by failing to take action when the party receives some, but less than forty-five days', notice." *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.); *Abend v. Fed. Nat'l*

6

*Mortg. Ass'n*, 466 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The objection must be made before trial; "a rule 245 objection made in a motion for new trial is untimely and preserves nothing for review." *In re A.H.*, No. 02-06-00211-CV, 2006 WL 3438179, at *1–2 (Tex. App.—Fort Worth Nov. 30, 2006, no pet.) (mem. op.); *see Keith*, 221 S.W.3d at 163.

Nothing in the record indicates that Szanyi objected to the lack of 45 days' notice under Rule 245 before proceeding to trial. His only objection before this appeal—in his motion for a new trial—was untimely. Without deciding whether Rule 245 applies to a hearing on an application for a protective order, we hold that Szanyi waived this issue.

### Objection to Associate Judge

Next, Szanyi argues that the trial court erred by allowing an associate judge, Judge Baker, to proceed "with the hearing on the application for [a] protective order over [Szanyi's] written objection."

"A party must file an objection to an associate judge hearing a trial on the merits or presiding at a jury trial *not later than the 10th day after the date the party receives notice* that the associate judge will hear the trial." TEX. FAM. CODE ANN. § 201.005 (emphasis added). If a party files such an objection, "the referring court shall hear the trial on the merits . . . ." *Id.*

7

Szanyi received notice on July 2 that the hearing on the protective order would be conducted in front of Judge Baker. But Szanyi did not file his objection to Judge Baker conducting the hearing until the day of the hearing—18 days after receiving notice of the hearing. Thus, because it was not timely filed, the trial court properly denied his objection.

Szanyi, however, argues that the notice he received was insufficient: he argues that the notice should have stated that Judge Baker is an associate judge and that Szanyi had ten days to file an objection to the referral. Szanyi does not cite any authority for this argument.

The text of Section 201.005 does not require that the notice include notifications that the judge is an associate judge or that the parties have ten days to object; it only requires notice "that the associate judge will hear the trial." TEX. FAM. CODE ANN. § 201.005.[3] Thus, we overrule Szanyi's third issue.

---

[3] To the extent that Szanyi argues that this lack of notice violates his constitutional right to due process, he waived that argument for failure to adequately brief it. Szanyi's only mention of "due process" in his brief was his conclusory statement that he "was deprived of notice of the transfer in violation of his constitutional rights to due process." Accordingly, we do not address his due process argument for failure to adequately brief the issue. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain citations to legal authority in support of arguments); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

**Notice of Appeal of Associate Judge's Order**

Szanyi argues that the district court improperly dismissed his appeal of the associate judge's order. Although he acknowledges that his filing of the notice of appeal seven days after the order was issued did not fall within the three-day deadline, he argues that he was "not given notice of his right to a de novo hearing before the referring court," and thus, the three-day period never commenced.

The Family Code allows a party to "request a de novo hearing before the referring court . . . not later than the third working day after the date the party receives notice of . . . the rendering of the temporary order" by the associate judge. TEX. FAM. CODE ANN. § 201.015 (West Supp. 2015). It also requires the associate judge to give notice "of the right to a de novo hearing before the referring court . . . to all parties." *Id.* § 201.012(a) (West 2014). Notice may be given "by oral statement in open court; by posting inside or outside the courtroom of the referring court; or as otherwise directed by the referring court." *Id.* at § 201.012(b).

Szanyi is required to have objected to this lack of notice to the trial court to preserve it for appellate review. To preserve error, the party must make a "timely objection" that "states the specific ground for the objection, if the specific ground is not apparent from the context." *Miles v. State*, 312 S.W.3d 909, 911 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see* TEX. R. APP. P. 33.1(a)(1)(A).

9

Szanyi did not present his argument to the district court that he did not receive notice of his right to a de novo hearing as required under the Family Code. During the hearing on his notice of appeal to the district court, his attorney had the following exchange with the district court judge:

> Lawyer: The only issue would be is if *hypothetically*, let's say there was a rule of law that said that the Associate Judge at the conclusion of the hearing had to inform the parties in open court that they had three days' notice to appeal his ruling. If that was . . . *hypothetically* a rule of law, either statutory or constitutional law, if he failed to give us that three days' notice, that would be an argument that my seven-day notice of appeal was timely. And you've already pretty much overruled that because of your reasoning in the first argument.
>
> COURT: You lost me because you're asking me—is there a rule that says that?
>
> *Lawyer: No. There is no rule that I'm aware of—*
>
> *COURT: Then I'm not going to make assumptions under rules that don't exist.*
>
> *Lawyer: Okay.*

(emphasis added)

Szanyi did not argue to the trial court in his motion to set aside the protective order or motion for new trial that he did not receive proper notice.[4] In the hearing

---

[4] Szanyi's failure to raise these arguments in the trial court prevents us from having a record to decide whether Szanyi received notice through another statutorily authorized means, such as by oral notification from the associate judge. We do not have a reporter's record from the hearing before the associate judge. *See Hong Yan Li v. Daylong*, No. 03-14-00664-CV, 2016 WL 232130, at *2 (Tex. App.—Austin Jan. 13, 2016, no pet. h.) (mem. op.) (because no reporter's record existed, appellate court must "presume that the proceeding was properly conducted . . . . Without a reporter's record, we have no way to determine what evidence, if any, was adduced at the hearing and, therefore, whether the trial court abused its

in the district court on his appeal of the associate judge's order, his counsel posed a "hypothetical" to the trial judge on whether the judge would change his ruling if, "hypothetically," such notice were required. Szanyi specifically stated that "[t]here is no rule that [he] is aware of" that requires notice. Thus, he did not preserve this issue for review. *See Matter of Marriage of Domagalski*, No. 05-13-01226-CV, 2015 WL 4141687, at *5 (Tex. App.—Dallas July 9, 2015, no pet.) (mem. op.) (holding that party who did not object to associate judge's failure to give notice of right to de novo review waived issue because he did not raise argument in trial court).

## Conclusion

We affirm the trial court's judgment.

---

discretion.") (internal quotation marks and citations omitted). Although the Galveston County local rules do not provide for a court reporter at a hearing in front of an associate judge, a party can provide their own court reporter in such a hearing. *See* TEX. FAM. CODE ANN. § 201.009 (West 2014).

Nor did Szanyi present evidence, such as affidavits, regarding whether the court posted notice in the courtroom or elsewhere, which would comply with yet another statutorily authorized means of conveying notice. *See Robles v. Robles*, 965 S.W.2d 605, 613 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("The record does not indicate and the parties do not comment on whether notice was posted" in accordance with Family Code); *In re A.J.R.*, No. 07-11-00501-CV, 2012 WL 2005833, at *4–5 (Tex. App.—Amarillo June 5, 2012, no pet.) (mem. op.) ("[T]he statute provides notice may be given by other means, and . . . proof that notice was not given in one manner does not demonstrate notice was not given at all.").

Harvey Brown
Justice

Panel consists of Justices Bland, Brown, and Lloyd.